UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| FARMERS UNION SERVICE ASSOCIATION OF SOUTH DAKOTA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES MURPHY,<br><br>Defendant. | Case No. __25-4079__<br><br><br>**COMPLAINT** |

Plaintiff Farmers Union Service Association of South Dakota ("Farmers Union" or "FUSA") states as its Complaint against Defendant James Murphy ("Murphy") the following:

**INTRODUCTION**

1. Farmers Union is a general insurance agency that, through its independent agents, sells and services a wide variety of insurance products for consumers, farmers and ranchers, and commercial entities.

2. Murphy was an independent agent for Farmers Union from 2010 to March 2025 when he was terminated for cause.

3. This action arises out of Murphy's improper solicitation of Farmers Union's customers prior to and following his termination from Farmers Union and his breaches of the contract he had with Farmers Union.

4. Farmers Union respectfully asks the Court to find that Murphy breached

his contract with Farmers Union, find Murphy liable for tortious conduct against Farmers Union, award Farmers Union damages for the harm Murphy has caused to its business in the past and in the future, and award Farmers Union its costs and fees.

## PARTIES, JURISDICTION, AND VENUE

5. Farmers Union is a South Dakota corporation with its principal place of business in Huron, South Dakota.

6. Through its partnership with over 160 insurance companies, Farmers Union serves almost 12,000 customers in South Dakota, services over 23,000 policies, and generates approximately $68 million in annual premiums.

7. Murphy, on information and belief, is a resident of Crofton, Nebraska.

8. Because Farmers Union is a citizen of South Dakota and Murphy is a citizen of Nebraska, and the amount in controversy, exclusive of interest and costs, exceeds $75,000, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

9. Venue is proper is this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in Yankton County, South Dakota.

10. This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367.

## ADDITIONAL FACTS

11. Farmers Union and Murphy entered into a Local Agents Agreement ("Agreement"), effective October 1, 2010, attached hereto as Exhibit A. Under the Agreement, Murphy was an independent contractor of Farmers Union. (Agreement ¶ 1.)

12. Since 2010, Murphy, working under the terms of the Agreement, developed valuable customer relationships on behalf of Farmers Union by soliciting, selling, and servicing insurance policies for customers residing largely in and around Yankton County, South Dakota.

13. The Agreement states, in relevant part:

> While this Agreement is in effect, neither you nor any member of your immediate family residing in your home may, without FUSA's prior written consent, solicit for or sell, or engage to solicit for or sell, insurance of any insurer (1) for which FUSA is not licensed or (2) which is not one of the insurers writing business through the brokerage established by FUSA. You understand that FUSA's written consent for you to represent a non-FUSA insurer will not be construed in any way by you as a waiver by FUSA of your obligation exclusively to represent FUSA-sponsored Companies.

(Agreement ¶ 3(b).)

14. The Agreement's termination provision states:

> This Agreement may be terminated by FUSA or you, without assigning cause, upon at least 30 days' prior written notice . . . and may be terminated by FUSA, for cause, at any time upon written notice to you. As used in the preceding sentence, "for cause" includes, but is not limited to, a single instance of . . . your violation of any term of this Agreement [or] your violation of any applicable statute, regulation, or other law.

(Agreement ¶ 6(a).)

15. The Agreement further states:

> You may not, personally or through any other person or entity, directly or indirectly sell or service or attempt to sell or service any insurance policy to or for a policyholder of any of the Companies for a period of one year after the date of termination of this Agreement without FUSA's prior written consent.

(Agreement ¶ 6(f).)

96029575.1

16. In January 2025, Murphy requested from Farmers Union a list of all Farmers Union customers that he serviced. At that time, Farmers Union had approximately 1300 policies in effect for approximately 650 Farmers Union customers in the Yankton area.

17. On information and belief, Murphy obtained this information in preparation for his plans to solicit Farmers Union customers prior to and immediately following termination of his Agreement with Farmers Union.

18. On or about February 20, 2025, Murphy gave notice to Farmers Union of his intent to terminate the Agreement on an expedited basis and conclude his relationship with Farmers Union by March 1, 2025. Murphy indicated that he intended to solicit and sell insurance to Farmers Union customers on behalf of his newly-formed agency through his association with Atlas Insurance Brokers.

19. On February 24, 2025, Farmers Union sent written notice to Murphy confirming that termination of the Agreement would take effect on March 24, 2025, thirty (30) days later, in compliance with the Agreement's termination provision.

20. On February 25, 2025, representatives from Farmers Union went to Murphy's office to retrieve Farmers Union data and information in Murphy's possession. On information and belief, Farmers Union recovered information regarding insurance policies that Murphy was writing and servicing for customers of his new agency.

21. On February 27, 2025, Murphy posted to his Facebook account that he was starting a "new agency" and that he was "no longer associated with Farmers Union." On

the same post, a purported customer asked Murphy, "So your [sic] not my insurance guy anymore?" Murphy responded, "I definitely hope to be. I will be sending out letters shortly."

22. On information and belief, on or about February 28, 2025, Murphy sent letters printed on letterhead embossed with "James Murphy Insurance Agency" to existing Farmers Union customers, stating that he was leaving Farmers Union "effective March 1, 2025."

23. Murphy's letter explicitly referenced Murphy's intent to work with Farmers Union customers, stating: "It has been an honor to serve you over these many years, and I hope to continue to serve you in the future. I appreciate your business."

24. Murphy's letter directed Farmers Union customers to call Murphy's agency with any questions and provided contact information only for Murphy's independent insurance agency, including a Gmail account not affiliated with Farmers Union.

25. Although the letter was sent to existing Farmers Union customers, Murphy did not provide any contact information for Farmers Union or otherwise acknowledge the recipients' ongoing relationship with Farmers Union.

26. On information and belief, Murphy contacted Farmers Union customers through other means between February 20, 2025, and March 24, 2025, soliciting their continued business with him through James Murphy Insurance Agency and apart from Farmers Union.

27. Farmers Union does not have an agreement with, or offer insurance

5

96029575.1

policies through, James Murphy Insurance Agency.

28.     Murphy also engaged with Atlas Insurance Brokers to obtain an Atlas email address and insurance agent login credentials. Atlas is a competitor of Farmers Union, and Farmers Union does not have an agreement with, or offer policies through, Atlas. Atlas provided Murphy with an Atlas email address and Atlas login credentials on March 3, 2025.

29.     Farmers Union terminated the Agreement for cause on March 5, 2025, effective immediately, based on Murphy's breaches of the Agreement.

30.     Following termination of the Agreement, Murphy continued to display Farmers Union signage and branding and held himself out as an agent or affiliate of Farmers Union in his email signature. On information and belief, these breaches are ongoing.

31.     On information and belief, Murphy continues to solicit Farmers Union customers, retain customer information and trade secrets, and interfere with Farmers Union's customer relationships.

32.     Following termination of the Agreement, on more than one occasion, Murphy refused to turn over customer information to Farmers Union and insisted that he continue to be the customer's primary contact to service insurance policies for Farmers Union customers.

33.     Since February 2025, more than 100 customers of Farmers Union customers who had previously worked with Murphy as their Farmers Union agent have either (1) changed their agent of record to Murphy or Atlas (instead of Farmers Union) or have (2)

cancelled their insurance policy through Farmers Union and are seeking to replace their policy through Atlas or James Murphy Insurance Agency. This has already resulted in a loss of more than $130,000 worth of commission owed to Farmers Union.

34. These customer departures have caused Farmers Union to lose valuable premiums and commissions, diverted future business, and harmed Farmers Union's reputation and goodwill with customers. On information and belief, Murphy approached these customers to sell insurance or by asking or urging them to apply for a particular kind of insurance from a specific company. These acts of solicitation occurred before and immediately following termination of the Agreement.

35. Not all Farmers Union customers who Murphy solicited acquiesced by terminating their policy with Farmers Union and purchasing a new policy from Murphy. Nonetheless, Murphy's affirmative outreach to Farmers Union customers on behalf of his new agency or other companies not affiliated with Farmers Union has had a detrimental effect on Farmers Unions' business, customer relationships, and goodwill.

36. On information and belief, Murphy has unjustifiably interfered with Farmers Union customers by soliciting to them, using information that belongs to Farmers Union, and continuing to display Farmers Union branding, all in violation of the Agreement.

37. The damages and losses incurred by Farmers Union are ongoing and will be incurred into the future, due to the fact that the customers who left their relationship with Farmers Union will no longer renew their policies with Farmers Union year after year.

## CLAIMS FOR RELIEF

### COUNT I – Breach of Contract

38. Farmers Union incorporates all previous paragraphs of this Complaint as if fully set forth herein.

39. Farmers Union and Murphy are parties to the now-terminated Agreement.

40. The Agreement is a valid, binding contract supported by adequate consideration.

41. The Agreement is reasonable and enforceable, and it is necessary to protect Farmers Union's legitimate business interests in, among other things, its trade secrets, confidential information, customer relationships, and customer goodwill.

42. Murphy breached paragraph 3(b) of the Agreement by soliciting for or selling, or engaging to solicit for or sell, insurance policies of insurers for which Farmers Union is not licensed or which is not one of the insurers writing business through the brokerage established by Farmers Union. Murphy did so without Farmers Union's consent. Murphy breached this provision of the Agreement on multiple occasions prior to the termination of the Agreement.

43. Murphy breached paragraph 6(b) of the Agreement by continuing to hold himself out as an agent of Farmers Union and by continuing to display Farmers Union signage at his place of business following termination of the Agreement.

44. Murphy breached paragraph 6(d) of the Agreement by refusing to return files, records, and information of Farmers Union's insureds within 24 hours of termination of the Agreement. Murphy's breach of this provision of the Agreement is ongoing.

45. Murphy breached paragraph 6(f) of the Agreement by directly and indirectly selling and servicing, and attempting to sell and service, insurance policies to policyholders of Farmers Union prior to and immediately following termination of the Agreement on his own behalf or on behalf of insurers not affiliated with Farmers Union.

46. As a direct and proximate result of Murphy's breaches of the Agreement, Farmers Union has been damaged in an amount of at least $130,000. These losses continue to accrue.

47. Farmers Union is entitled to damages as a result of Murphy's breaches of the Agreement as well as specific performance of the relevant provisions of the Agreement.

48. Farers Union is entitled to specific performance of the return of Farmers Union's customer information and data and removal of all Farmers Union signage and branding from Murphy's place of business, communications, and printed materials.

**COUNT II – Tortious Interference with Business Relationships or Expectancies**

49. Farmers Union incorporates all previous paragraphs of this Complaint as if fully set forth herein.

50. Farmers Union maintains business relationships with its customers who had Murphy as their Farmers Union agent. After Murphy's termination, Farmers Union reasonably and justifiably expected those customer relationships would continue in the form of ongoing premium payments, assisting customers with claims, and placing additional policies and coverage for existing customers, among other services.

51. Murphy had knowledge of these relationships through his work for Farmers Union and as the primary Farmers Union contact for his customers.

9

52. Murphy acted intentionally and unjustifiably when he solicited Farmers Union customers to buy insurance from companies and agencies not affiliated with Farmers Union, both before and immediately following termination of the Agreement.

53. Murphy acted intentionally and unjustifiably when he refused to return customer information and data belonging to Farmers Union, refused to remove Farmers Union signage from his place of business, and continued attempting to service policies held by Farmers Union customers, all in breach of the Agreement.

54. As a direct result of Murphy's interference with Farmers Union's customers, dozens of customers have changed to a new agent of record or cancelled their policy. On information and belief, these customers have continued or initiated like policies with Murphy through his insurance agency or an agency he affiliates with.

55. Murphy's interference and the resulting departure of Farmers Union customers has cost Farmers Union a loss of customers, over $130,000 in current commission to the general agency, future business and commission, reputational harm, and customer goodwill.

56. Farmers Union is entitled to damages and to remedy Murphy's unjustified acts of interference with Farmers Union's business relationships.

**PRAYER FOR RELIEF**

WHEREFORE, Farmers Union respectfully requests that this Court:

1. Award compensatory, general, and special damages as Plaintiff is entitled to recover on each separate count in an amount determined at trial;

2. Compel specific performance of the relevant terms of the Agreement;

3.  Award pre-judgment and post-judgment interest;

4.  Pursuant to paragraph 7(i) of the Agreement, award Plaintiff its attorney's fees, costs, and court costs.

5.  Grant other and further relief, both general and specific, at law, or in equity, as the Court finds just and proper.

Date: May 16, 2025

            Respectfully submitted,

           By: */s/Brendan V. Johnson*
            Brendan V. Johnson (SD Bar # 3263)
            Erica A. Ramsey (SD Bar # 4901)
            Thad A. Titze (SD Bar # 5204)
            ROBINS KAPLAN LLP
            140 East 4th Place, Suite 704
            Sioux Falls, SD 57104
            Tel: 605-335-1300
            BJohnson@RobinsKaplan.com
            ERamsey@RobinsKaplan.com
            TTitze@RobinsKaplan.com

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Farmers Union Service Association of South Dakota

## DEFENDANTS
James Murphy

**(b)** County of Residence of First Listed Plaintiff: Beadle County, SD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Knox County, NE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robins Kaplan LLP
Brendan Johnson, Erica Ramsey, and Thad Titze
150 E 4th Pl., Ste 704, Sioux Falls, SD 57104    605.335.1300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [x] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**

*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Breach of contract and tortious interference

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 130,000 +

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: May 16, 2025

SIGNATURE OF ATTORNEY OF RECORD: */s/ Brendan Johnson/*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____